IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00759-GPG

MEIGRA MARIE GLIVAR,

    Plaintiff,

v.

Z. POULSEN, Weld County Jail Director,
RUVALCABA, Deputy,
TROUT, Ms.,
OVERHOLT, Mr.,
WELD COUNTY SHERIFF,
WELD COUNTY JAIL, and
WELD COUNTY JAIL ADMINISTRATORS,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Meigra Marie Glivar, was detained Weld County Jail when she initiated this action on March 14, 2019, by submitting *pro se* an "Emergency Motion to File Lawsuit." (ECF No. 1). In the Emergency Motion, Plaintiff complained about her conditions of confinement at the jail. The Clerk of the Court opened a new civil rights action pursuant to 42 U.S.C. § 1983.

In a March 18, 2019 Order, Magistrate Judge Gordon P. Gallagher directed Ms. Glivar to cure filing deficiencies. (ECF No. 3). Plaintiff was instructed to file a Prisoner Complaint, and to either pay the $400.00 filing fee or file a properly supported Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, within 30 days of the March 18 Order. (*Id.*). Ms. Glivar was informed that she could obtain copies of

the necessary forms, with the assistance of the facility's legal assistant or her case manager, at www.cod.uscourts.gov.   (*Id.*). Magistrate Judge Gallagher further instructed Plaintiff to notify the Court immediately if she was unable to obtain copies of the court-approved forms. (*Id.*).   Ms. Glivar was warned that failure to comply would result in dismissal of this action without further notice.   (*Id.*).

On March 27, 2019, Ms. Glivar filed a Letter (ECF No. 4), stating that she was not able to obtain copies of the court-approved forms necessary to cure the filing deficiencies.   However, on March 28, 2019, a mailing sent to Ms. Glivar at the Weld County Detention Facility was returned to the Court as undeliverable. (ECF No. 6). The envelope indicated that Ms. Glivar was "no longer in custody."   (*Id.*).

The Court is unable to send Ms. Glivar copies of the forms needed to cure the filing deficiencies because she has failed to file a notice of address change as required by D.C.COLO.LCivR 5.1 (c).   Therefore, the action will be dismissed without prejudice for Plaintiff's failure to prosecute.   Accordingly, it is

ORDERED that this action is DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Meigra Marie Glivar, to prosecute.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal.   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.   *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Ms. Glivar files a notice of appeal she must also pay the full $505 appellate filing fee or file a motion to proceed *in forma*

*pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED April 24, 2019, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court